Per Curiam.

It is sworn that the service is on your clerk, which is fully sufficient.
Gardinier then read an affidavit, by which it appeared that the capias in this suit issued on the 15th June, 1802, and was returned, in the July term following, cepi corpust *102 as to the defendant "Wright. That the capias in the common pleas, though returnable in-July, 1802, was not filed until the 10th of November following. That the declaration in this court was filed on or about the 8 th of September, 1802, that in the common pl'pas'not till the 26th of November, and that the judgment in the common pleas was by confession; that a writ of inquiry in the present cause had been duly executed ; the damage assessed to 1,075 dollars, and a record of the judgment thereon duly signed and filed on the 23d of November last. From this, he argued, the presumption was, that the suit had been first commenced, though if otherwise, which it might have been, the defendant ought to have shown it. But after-filing a plea on the 2d of November, admitting assets, he ought not to be permitted, on the 7th of January following, to suffer a judgment by confession, on a demand of no higher nature than that in which he had acknowledged assets. Independent of this, the application was too late. The twenty-eight cents were among the minimis, of which non curat lex. The judgment was regular for the assets confessed, and for the residue, guando acciderint.
Per Curiam. The proceedings on the part of the plaintiff have been perfectly regular, and therefore no cause shown for the interference of the court. The interlocutory judgment was necessary to liquidate his demand ; it after-wards becomes peremptory for the sum confessed, and for assets in futuro as to the residue.
Motion denied.